# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **26-878**

Caption [use short title]

Motion for: **Bail Pending Appeal**

**United States of America v. Rechnitz**

Set forth below precise, complete statement of relief sought:

The Court should grant bail pending appeal because of

sentencing errors made by the district court, and because

the appeal will take longer than the sentence imposed.

MOVING PARTY: **Appellant (Jona Rechnitz)**          OPPOSING PARTY: **Appellee (United States of America)**

☐ Plaintiff          ☐ Defendant

■ Appellant/Petitioner          ☐ Appellee/Respondent

MOVING ATTORNEY: **Noam Biale**          OPPOSING ATTORNEY: **Lara Pomerantz**

[name of attorney, with firm, address, phone number and e-mail]

Sher Tremonte LLP, 90 Broad St, Fl. 23          USAO's Office for the Southern District of New York, 26 Federal Plaza

New York, NY 10004          New York, NY 10007

nbiale@shertremonte.com 212-202-2600          Lara.Pomerantz@usdoj.gov 212-637-2343

Court- Judge/ Agency appealed from: **SDNY - Katherine Polk Failla, Judge**

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ■ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ■ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?   ■ Yes   ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ■ No If yes, enter date: _____

Signature of Moving Attorney:

_____ Date: **May 4, 2026**     Service : ■ Electronic   ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

No. 26-878-cr

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

JONA RECHNITZ,

*Defendant-Appellant*.

_____

**MOTION FOR BAIL PENDING APPEAL**

Appeal from the United States District Court
for the Southern District of New York,
No. 16 Cr. 389 (KPF) Before the Honorable
Katherine Polk Failla

Noam Biale
Michael Bass
SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendant-Appellant*
*Jona Rechnitz*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................1

BACKGROUND .....................................................................................................2

    I.     Factual Background.....................................................................2

ARGUMENT ...........................................................................................................9

    I.     Legal Standard...........................................................................9

    II.    The Court Should Grant Bail Pending Appeal.......................9

        a.    Mr. Rechnitz is not a flight risk or a danger...............9

        b.    Mr. Rechnitz's appeal raises substantial questions that are likely to result in a reduced sentence that will be shorter than the length of the appeal process...........................10

            1.    The District Court Failed to Adequately Explain Mr. Rechnitz's Sentence .................................................11

            2.    The District Court Failed to Consider Mr. Rechnitz's Updated Circumstances ...............................13

            3.    The Time It Will Take to Resolve Mr. Rechnitz's Appeal on the Merits Will Exceed His Prison Sentence .........................................................................16

CONCLUSION .....................................................................................................17

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gall v. United States,*
  552 U.S. 38 (2007) ...................................................................................11

*Pepper v. United States,*
  562 U.S. 476 (2011)...................................................................................14

*United States v. Chu,*
  714 F.3d 742 (2d Cir. 2013)......................................................................11

*United States v. Fernandez,*
  104 F.4th 420 (2d Cir. 2024)......................................................................13

*United States v. Hart,*
  906 F. Supp. 102 (N.D.N.Y. 1995) ...........................................................10

*United States v. Hernandez,*
  604 F.3d 48 (2d Cir. 2010)........................................................... 14, 15, 16

*United States v. Pugh,*
  945 F.3d 9 (2d Cir. 2019)......................................................................11, 12

*United States v. Randell,*
  761 F.2d 122 (2d Cir. 1985).........................................................................9

*United States v. Rechnitz,*
  75 F.4th 131 (2d Cir. 2023)...........................................................................6

*United States v. Rosa,*
  957 F.3d 113 (2d Cir. 2020)...................................................................11, 12

*United States v. Seabrook,*
  968 F.3d 224 (2d Cir. 2020)..........................................................................4

*Villanueva v. United States,*
  893 F.3d 123 (2d Cir. 2018)............................................................... 14, 16

ii

*Werber v. United States*,
  149 F.3d 172 (2d Cir. 1998)..................................................................................14

**Statutes**

18 U.S.C. § 3143(b) ............................................................................................9, 10

18 U.S.C. § 3553(a) ............................................................................................7, 11

18 U.S.C. § 3553(c) ...............................................................................................11

## PRELIMINARY STATEMENT

Jona Rechnitz, Defendant-Appellant in the above-captioned case, respectfully moves this Court for an order granting him bail pending appeal.

Mr. Rechnitz is appealing the sentence of five months' imprisonment imposed at a resentencing hearing that took place on March 20, 2026. In that hearing, the District Court (Hon. Katherine Polk Failla, J.) failed to explain the basis for her sentence beyond citing the seriousness of the offense. The District Court also failed to consider disparities between Mr. Rechnitz, a cooperator, and individuals against whom he cooperated, some of whom received similar or *lesser* sentences than he did. Finally, the District Court gave no consideration whatsoever to the five years that had elapsed between Mr. Rechnitz's original sentencing in 2019 and the substantial rehabilitation he had undergone in that time; instead, the District Court simply imposed effectively the same sentence Mr. Rechnitz received in 2019.

These procedural errors warrant vacatur of the sentence, but Mr. Rechnitz is likely to have served the entire sentence before he has an opportunity to litigate the matter fully before this Court. Accordingly, the Court should grant bail pending appeal.

# BACKGROUND

I.     Factual Background

In June 2016, Mr. Rechnitz pleaded guilty, pursuant to a cooperation agreement, to conspiring to commit wire and honest services fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 1349.  Mr. Rechnitz admitted that, beginning in 2013, he engaged in a bribery scheme in which he served as the facilitator between Norman Seabrook, then President of the New York City Correctional Officers' Benevolent Association ("COBA"), and Murray Huberfeld, the founder of the Platinum Partners hedge fund.  *United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. 255 at 1 ("Gov't 2026 5K Ltr."), attached hereto as **Exhibit A**. The purpose of the arrangement was to pay Seabrook to induce COBA to invest millions of dollars of the union's pension fund in Platinum Partners, which was then looking to acquire more institutional investors.  *Id.* at 4.  At the end of each year, Seabrook would receive a kickback based on the performance of the investment.  *Id.*

Seabrook made an initial investment of $10 million, for which Mr. Rechnitz paid him $60,000 in cash.  At that point, Mr. Rechnitz faded from an active role in the scheme, and Seabrook ultimately steered an additional sum of approximately $10 million without Mr. Rechnitz's involvement.  *Id.*

2

The government's investigation revealed that Mr. Rechnitz did not personally profit from the scheme, but rather he sought to build relationships and solidify his place in the confidence of both Seabrook and Huberfeld. *United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. 70 at 18 ("Gov't 2019 5K Ltr."), attached hereto as **Exhibit B**. In lieu of payment for his role in the scheme, Rechnitz directed Huberfeld to write checks to certain charitable causes. *Id.*

Nearly two years after Rechnitz facilitated the bribe, in October 2016, Platinum Partners collapsed and declared bankruptcy in the midst of SEC and Department of Justice investigations. *See id*. Of the $20 million that COBA invested, $19 million was lost. Gov't 2026 5K Ltr. at 5. It is undisputed that Mr. Rechnitz was unaware of any malfeasance or financial issues at Platinum Partners; indeed, relatives of his who had invested money with the fund lost substantial sums. The District Court later cited these facts in holding that COBA's losses were not reasonably foreseeable to Mr. Rechnitz for the purposes of restitution. *See United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. 236 at 5-7, 12.

Mr. Rechnitz cooperated with law enforcement in its investigation and prosecution of Seabrook, a powerful union president, and Huberfeld, a multi-millionaire businessman. *See United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. 263 at 18:12-15 ("2026 Sent. Tr."), attached hereto as **Exhibit C**. The first trial in which Mr. Rechnitz testified, before Judge Carter, ended in a hung

3

jury. The case was then transferred to Judge Hellerstein, and both Huberfeld (by plea) and Seabrook (by trial) were convicted based on Mr. Rechnitz's testimony. Gov't 2026 5K Ltr. at 10. As the government stated in the lead-up to Mr. Rechnitz's original sentencing before Judge Hellerstein, Mr. Rechnitz's "contributions to the Seabrook and Huberfeld prosecutions cannot be overstated. As a fundamental matter, the case could not have been charged without him." Gov't 2019 5K Ltr. at 25. Huberfeld was sentenced to 30 months in prison, which was later resentenced to seven months after this Court vacated his sentence. *United States v. Seabrook*, 968 F.3d 224 (2d Cir. 2020). Seabrook's sentence was also reduced, from 58 months to 21 months, but subsequently reinstated at 51 months. See *United States v. Seabrook*, 16-CR-467 (S.D.N.Y.), Dkt. Nos. 459, 486.

Mr. Rechnitz also provided substantial assistance in an unrelated police bribery investigation. Mr. Rechnitz gave information essential to the prosecutions of Jeremy Reichberg, a former City Hall fundraiser, and two influential NYPD leaders, Michael Harrington and James Grant, as well as testimony in a third trial before Judge Woods. Gov't 2026 5K Ltr. at 2-3, 7; *see also* 2026 Sentencing Tr. at 18:15-17. Reichberg was sentenced to 48 months and served approximately 13

4

months of that sentence.  2026 Sentencing Tr. at 29:23-25.[1]  "As with *Seabrook*, the police bribery case could not reasonably have been charged in the form that it was without Rechnitz."  Gov't 2019 5K Ltr. at 29.

Mr. Rechnitz also provided the government with information in several other investigations and was preparing to testify in a fourth trial when the defendant in that case pleaded guilty.  2026 Sentencing Tr. at 18:19–19:1.  Mr. Rechnitz's contributions, which included attending over 80 proffers, supplying various materials to the government, and enduring lengthy cross-examination, merited his description as "one of the single most important and prolific white collar cooperating witnesses in the recent history of the Southern District of New York."  Gov't 2019 5K Ltr at 2; *see also* 2026 Sentencing Tr. at 14:8-11, 17:10-22, 18:18–19:5 (discussing the extensive scope of Mr. Rechnitz's cooperation).

Notably, Mr. Rechnitz testified in three trials "under a kind of duress that is atypical of the experience of cooperating witnesses."  Gov't 2019 5K Ltr. at 41.  Throughout his cooperation, Mr. Rechnitz endured "disparagement and harassment," religious ostracization, public scrutiny, and physical threats.  2026 Sentencing Tr. at 16:10-16, 22:9-20, 23:7-13, 24:5-14, 25:6-24.

---

[1]     Grant was acquitted.

Mr. Rechnitz was originally sentenced by Judge Hellerstein in December 2019 to five months' incarceration and five months' home detention. *United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. 84. Judge Hellerstein granted him bail pending appeal, and for more than five years, Mr. Rechnitz's sentence hung over him while restitution was litigated through district court proceedings, mandamus petitions, and a direct appeal. In 2023, this Court vacated Mr. Rechnitz's sentencing, holding that Judge Hellerstein had abused his discretion in failing to recuse himself based on personal connections he had to an indicted senior executive at Platinum Partners and an *ex parte* communication between the court and the government. *See generally United States v. Rechnitz*, 75 F.4th 131 (2d Cir. 2023). The Court remanded the case with instructions that it be assigned to a different district judge for resentencing. *Id.*

The case was subsequently reassigned to Judge Failla (the "District Court"). In October 2024, the District Court ordered Mr. Rechnitz to pay $1,206,000 in restitution, which he satisfied in a matter of days. 2026 Sentencing Tr. at 40:5-6.

The long-awaited resentencing occurred on March 20, 2026. The District Court considered several written submissions, including Mr. Rechnitz's sentencing submission, a supplementary letter from Mr. Rechnitz's counsel, the government's updated 5K1.1 motion, and other submissions in "traditional and less traditional

6

formats."[2] *Id.* at 3:16–4:1. In imposing sentence, the District Court addressed its obligations under 18 U.S.C. § 3553(a). *Id.* at 37:15–38:6. The District Court noted that Mr. Rechnitz's offense level was 27, yielding a Guidelines range of 70 to 87 months, a reduction in his original Guidelines range based on the application of the zero-point offender Guideline. The District Court accepted that the government had moved for a sentence "without regard for the otherwise applicable [G]uidelines because of the substantial assistance that he has rendered in the investigation and prosecution of other people." *Id*. at 39:11-14.

The District Court acknowledged Mr. Rechnitz's financial and personal growth, prompt restitution payments, and law-abiding conduct while on release. *Id*. at 39:23–40:6. Indeed, it stated that Mr. Rechnitz had done "all that [he] can to atone" for his criminal conduct. *Id*. at 40:2-21. The District Court stated that it "remain[ed] concerned," however, "about the seriousness of the offense and the impact on the public and the sheer scope of the corruption." *Id*. at 40:7–41:1.

---

[2] Prior to sentencing, the government received unsolicited submissions concerning allegations about recent conduct by Mr. Rechnitz. These submissions were addressed through emails, letter filings, and a teleconference with the District Court. Ultimately, the government represented at the resentencing that it did "not believe that the allegations undermine the defendant's substantial assistance provided to the government in past cases or his truthfulness in connection with that historical substantial assistance," 2026 Sentencing Tr. at 16:4-7, and the District Court did not consider these allegations in connection with resentencing.

Mr. Rechnitz presented the District Court with a strong record of genuine rehabilitation: gainful employment, community activism, charitable work, and continued cooperation. Mr. Rechnitz also pointed out that multiple of the defendants against whom he had testified had their sentences reduced, including Huberfeld, who was resentenced to only seven months' imprisonment, and Harrington, who was sentenced to probation. Yet despite that record, and the steep personal price he paid for his cooperation, the District Court imposed essentially the same sentence Mr. Rechnitz received more than five years prior by Judge Hellerstein—five months' imprisonment (the District Court did not impose five months' home incarceration but did impose two years of supervised release). Mr. Rechnitz moved for bail pending appeal orally after the District Court imposed sentence, which the District Court denied. *Id.* at 45:6-21.

On April 1, 2026, Mr. Rechnitz renewed his request for bail pending appeal, setting forth in detail his arguments as to why the District Court had committed procedural error in its sentencing determination. *United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. 265. The following day, the District Court denied Mr. Rechnitz's request, stating, "Defendant has presented no basis for the Court to reconsider its prior decision, and the Court does not believe that the sentence is procedurally or substantively unreasonable." *Id.*, Dkt. 266.

Mr. Rechnitz timely filed his notice of appeal on April 3, 2026. His surrender date to Bureau of Prisons custody is June 26, 2026.

**ARGUMENT**

II.     Legal Standard

A court "shall order" bail pending appeal if there is clear and convincing evidence that the defendant is "not likely to flee" or "pose a danger" and "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b) (cleaned up). A "substantial question" is "of more substance than would be necessary to a finding that it was not frivolous"—in other words, "a 'close' question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). A defendant need not prove that she is likely to succeed on the substantial questions; it is sufficient that if she does succeed, reversal or a new trial or reduced sentence is likely. *Id.* at 124-25.

III.     The Court Should Grant Bail Pending Appeal

a. *Mr. Rechnitz is not a flight risk or a danger.*

Mr. Rechnitz has been on release for nearly ten years since his cooperation began in 2016 and has complied with all conditions of release without incident.

9

Notably, for approximately four of those ten years, he was on bail pending appeal after his initial sentencing by Judge Hellerstein, without issue.

Mr. Rechnitz has deep family ties—he is married with six children—is gainfully employed, and has paid the full amount of restitution ordered by the Court. There is simply no basis to conclude that Mr. Rechnitz poses any risk of flight or danger to the community. The government did not argue otherwise at sentencing, and the Court did not find any such risk.

Accordingly, there is "clear and convincing evidence that [Mr. Rechnitz] is not likely to flee or pose a danger to the safety of any other person or the community" if bail is continued pending appeal. 18 U.S.C. § 3143(b); *see, e.g.*, *United States v. Hart*, 906 F. Supp. 102, 105 (N.D.N.Y. 1995) (finding no risk of flight or danger where defendant had adhered to bail conditions, made all required appearances, and had strong community ties).

      b. *Mr. Rechnitz's appeal raises substantial questions that are likely to result in a reduced sentence that will be shorter than the length of the appeal process.*

Mr. Rechnitz is not pursuing this appeal for dilatory purposes. Rather, the appeal raises important questions of law, including whether the District Court erred by (1) failing to adequately explain its imposition of a five-month sentence of imprisonment; and (2) by reimposing effectively the same sentence originally imposed by Judge Hellerstein more than five years prior without considering

10

changed circumstances. Should this Court find procedural error in the District Court's sentencing analysis, Mr. Rechnitz's sentence would likely be reduced to a term that is shorter than the length of an ordinary appeal.

1. The District Court Failed to Adequately Explain Mr. Rechnitz's Sentence

The District Court erred by failing to state the reasons for sentencing Mr. Rechnitz to a five-month term of incarceration. 18 U.S.C. § 3553(c) requires a sentencing court to state "the reasons for its imposition of the particular sentence." Although a court is not required to discuss every factor contained in 18 U.S.C. § 3553(a) individually, it "must provide *some* oral account of its reasoning that would permit an understanding of how the District Court weighed the relevant considerations and selected the sentence imposed." *United States v. Rosa*, 957 F.3d 113, 119-20 (2d Cir. 2020). This Court has made clear that a District Court's failure to "adequately explain the chosen sentence" constitutes plain error. *See id.* at 120, 122; *see also United States v. Pugh*, 945 F.3d 9, 27 (2d Cir. 2019) ("The Supreme Court has identified as a 'significant procedural error' the failure 'to adequately explain the chosen sentence.'") (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)); *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013).

Here, the District Court's only stated reason for imposing the term of incarceration that it imposed was the "seriousness the offense." *See* Sentencing Tr. at 40:24–41:1; *see also id.* at 41:5-7 ("But given the nature of the conduct, I cannot

11

go to the sentence that he wishes me to go to."). "Those comments do not provide a basis for understanding why the particular sentence was imposed." *Pugh*, 945 F.3d at 27. And though the District Court stated that it considered "all of the factors set forth in Section 3553(a)" and read "all of the submissions in connection with sentencing," *see* Sentencing Tr. at 42:11-16, "the fact that the court considered the § 3553(a) factors and arguments does not satisfy the separate obligation under § 3553(c) to explain in open court how its consideration led to the sentence imposed." *Rosa*, 957 F.3d at 118.[3]

The District Court's limited explanation of its sentence also failed to address the unwarranted sentencing disparities between Mr. Rechnitz and his co-defendants, which Mr. Rechnitz raised repeatedly in his sentencing submissions and during the resentencing. *See* Sentencing Tr. at 29:11–30:14; *United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. No. 252 at 6. As he argued, Mr. Rechnitz's sentence of five months of incarceration constitutes an anomalous disparity in light of the sentence reductions received by those against whom he testified: in particular, Murray Huberfeld was resentenced to seven months; Jeremy

---

[3] With respect to the one factor the District Court did discuss—the seriousness of Mr. Rechnitz's offense—the District Court also placed undue emphasis on Mr. Rechnitz's involvement with public officials, *see* Sentencing Tr. at 40:9-11, even though the primary conduct to which Mr. Rechnitz pleaded guilty was *private* honest services fraud and did not involve any public corruption.

12

Reichberg was sentenced to 48 months' imprisonment but served approximately thirteen months; and Michael Harrington, who pled guilty but did *not* cooperate, was not sentenced to any term of incarceration. *See* Sentencing Tr. at 29:11–30:14. Mr. Rechnitz cooperated against all of these individuals and was instrumental in securing their convictions.

Cooperators in this Circuit who testify in even one trial almost invariably receive substantially lower sentences than the defendants against whom they testified. Mr. Rechnitz testified in *three trials* but nonetheless received a sentence squarely in the middle of those imposed on the non-cooperating defendants. *Cf. United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024) ("[A] reasonable explanation for a sentencing disparity [i]s readily apparent where there were varying degrees of culpability and cooperation between the various defendants." (internal citation and quotation marks omitted)). The District Court's failure to address the disparity between Mr. Rechnitz's and his co-defendants' sentences raises a substantial question about whether the District Court adequately considered the § 3553(a) factors.

> 2. The District Court Failed to Consider Mr. Rechnitz's Updated Circumstances

The District Court also erred by ignoring the "intervening developments" in Mr. Rechnitz's life between the date of his resentencing and his first sentence in 2019 by Judge Hellerstein. *See United States v. Hernandez*, 604 F.3d 48, 53 (2d

13

Cir. 2010). As this Court has held, a sentencing court is "required to resentence the defendant in light of the circumstances as they stood at the time of resentencing." *Villanueva v. United States*, 893 F.3d 123, 132 (2d Cir. 2018) (quoting *Werber v. United States*, 149 F.3d 172, 178 (2d Cir. 1998)). That is for the obvious reason that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011). Indeed, in the context of resentencing, the Supreme Court has stated that such rehabilitation "may critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.*

In *Hernandez*, this Court vacated and remanded a resentencing where the district court re-imposed the same 405-month sentence after a fifteen-year delay without properly considering the defendant's rehabilitation and other intervening developments. 604 F.3d at 54-55. At the resentencing, the defendant presented evidence that he "succeeded at numerous vocational and educational efforts" and had no "record of any misconduct" during the time between his sentencings. *Id.* at 53. The district court "neither credited nor discredited" the evidence of "intervening developments" in the defendant's life, and instead, like the District Court here, "reapeted[ly] emphasi[zed] . . . the seriousness of the offense conduct."

14

*Id.* at 54-55. In vacating the sentence, this Court emphasized that the district court's finding regarding the seriousness of the offense conduct "was of course available-and made" during the initial sentencing. *Id.* at 55. By focusing on "the severity of the offense" and "overlook[ing]" the evidence post-dating the defendant's initial sentencing, the district court had failed "to resentence [the] defendant in light of the circumstances as [he] [stood] at the time of his resentencing." *Id.* 54-55.

So too here. As explained at sentencing and in his supplemental sentencing submission, Mr. Rechnitz has undergone significant rehabilitation since his sentencing in 2019. He paid restitution in the full amount determined by the District Court, has led a law-abiding life, maintained gainful employment, continued to cooperate with the government, and engaged in religious and charitable work. *See* 2026 Sentencing Tr. at 28:17–29:10; *United States v. Rechnitz*, 16-CR-389 (KPF) (S.D.N.Y.), Dkt. No. 252 at 5-8. Further, he argued that the length of time that his resentencing hung over his head was effectively a punishment that made additional imprisonment greater than necessary.

Even worse than in *Hernandez*, the District Court *credited* Mr. Rechnitz's rehabilitation, noting that he "has remained law abiding . . . over an extended period of time," "promptly paid the restitution figured assessed," and "done all that [he] can to atone for the criminal conduct in which [he] engaged." 2026

15

Sentencing Tr. at 40:2-21. But the District Court did not weigh those facts at all; it simply reimposed the same sentence that Judge Hellerstein imposed five years earlier. And the District Court did not address at all the fact—which undergirded substantial argument from counsel—that Mr. Rechnitz had lived in a state of purgatory during the five years he waited to be resentenced, which effectively served as a punishment for his crimes. It was procedural error for the District Court not to address these intervening developments as part of its analysis of the § 3553(a) factors or to explain in any way why the same sentence was still warranted despite Mr. Rechnitz's post-sentence rehabilitation. *See Hernandez*, 604 F.3d at 55; *Villanueva*, 893 F.3d at 132.

      3.   The Time It Will Take to Resolve Mr. Rechnitz's Appeal on the Merits Will Exceed His Prison Sentence

Mr. Rechnitz is currently scheduled to surrender to custody no later than June 26, 2026. Assuming he is not released early, he will complete his sentence on November 26, 2026. Given that the median time from filing notice of appeal to disposition in this Circuit is 12.5 months, *see* U.S. Admin. Office of Courts, U.S. Court of Appeals Summary, Mar. 31, 2022, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appsumary0331.2022.pdf, Mr. Rechnitz's appeal will be rendered moot if he is not granted bail pending appeal.

## CONCLUSION

The Court should grant Mr. Rechnitz's motion for bail pending appeal.

Dated:  May 4, 2026
     New York, NY

/s/ *Noam Biale*
Noam Biale
Michael Bass
Sher Tremonte LLP
90 Broad St. 23 Floor
212-202-2600
nbiale@shertremonte.com
mbass@shertremonte.com

*Attorneys for Jona Rechnitz*