S.D.N.Y.
16-CR-389
Failla, *J.*

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-six.

Present:
> Sarah A. L. Merriam,
> Maria Araújo Kahn,
> > *Circuit Judges*,
> Arun Subramanian,
> > *District Judge*.*

---

United States of America,

*Appellee*,

v.                                                                                       26-878

Jona Rechnitz,

*Defendant-Appellant*.

---

Defendant-appellant Jona Rechnitz moves for an order granting him bail pending appeal. Upon due consideration, it is hereby ORDERED that the motion is DENIED.

The relevant statute requires that "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained," unless the Court determines *both* "that the person is not likely to flee or pose a danger to the safety of any other person or the community" *and* that the appeal

---

\* Judge Arun Subramanian of the United States District Court for the Southern District of New York, sitting by designation.

"raises a substantial question of law or fact likely to result in," as relevant here, "a sentence that does not include a term of imprisonment, or . . . a reduced sentence to a term of imprisonment" that will expire before the appeal is resolved. 18 U.S.C. §3143(b)(1). The burden is on the defendant-appellant, after judgment has been entered, to establish that the statute is satisfied. Rechnitz has not met that burden. Accordingly, the motion for release on bail pending appeal is denied.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Judge Kahn would grant Rechnitz's motion because, in her view, Rechnitz has shown that he "is not likely to flee or pose a danger to the safety of any other person or the community if released" and that his appeal "raises a substantial question of law or fact likely to result in . . . a sentence that does not include a term of imprisonment." 18 U.S.C. § 3143(b). In the government's 5K1.1 letter before the district court, the government described Rechnitz as "without exaggeration, one of the single most important and prolific white collar cooperating witnesses in the recent history of the Southern District of New York." Gov't 5K1.1 Letter at 1, *United States v. Rechnitz*, No. 16-cr-00389-KPF (S.D.N.Y. Oct. 16, 2019), Dkt. No. 70. To that end, the government identified to the district court several cooperators comparable to Rechnitz who had received non-incarceratory sentences, yet, in Judge Kahn's view, the district court failed to address sentencing disparities in imposing Rechnitz's sentence. We have explained that the adequacy of a district court's explanation for a sentence "is highly case specific" and "depends upon circumstances." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (citation modified). Judge Kahn would find that the circumstances here demanded a greater explanation for how Rechnitz's sentence compared to similarly situated defendants, and whether the sentencing court erred in failing to do so presents a substantial issue justifying bail. *See United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (describing a "substantial question" as "a close question or one that very well could be decided the other way" (citation modified)). Moreover, because Rechnitz will likely complete his incarceratory sentence before his appeal is heard, denying his motion effectively moots his right to appeal. Under the unique circumstances of this case, Judge Kahn therefore respectfully dissents.

The majority disagrees with Judge Kahn's conclusion that the record before this motions panel establishes error by the sentencing court.